Argued June 3, affirmed June 24, petition for rehearing
denied September 9, 1964

# EDWARD HINES LUMBER CO. *v.* STATE TAX COMMISSION
### 393 P. 2d 187

*Robert R. Carney* and *Ralph R. Bailey,* Portland, argued the cause for appellant. With them on the brief were Thomas S. Moore and Maguire, Shields, Morrison, Bailey & Kester, Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is a suit for a refund of corporate excise taxes for various years from 1950 to 1960. The Oregon Tax Court sustained a demurrer to plaintiff's complaint. Plaintiff appeals.

The sole issue is whether defendant has adopted the correct method of computing the corporate excise tax and the personal property tax offset with respect to plaintiff which derives its income from business carried on both within and outside the state of Oregon.

In computing plaintiff's excise tax it is necessary to determine what part of its net income is attributable to business carried on in Oregon. The first step in making the computation is to determine the total net

income derived from operations both within and outside the state of Oregon. The commission arrives at the total net income by deducting all of plaintiff's expenses of doing business including personal property taxes paid in Oregon. This net income figure is apportioned to determine the income attributable to Oregon and the personal property tax is then added to find the taxable income. The excise tax is computed on this portion of plaintiff's income and the personal property tax paid by plaintiff is then deducted from the excise tax.

Plaintiff contends that the commission should not deduct the personal property tax in arriving at the net income subject to apportionment. This same issue was raised in *Hines Lumber Co. v. State Tax Comm.*, 215 Or 453, 336 P2d 75 (1959) with respect to plaintiff's income for the years 1948 and 1949. In that case we held that the State Tax Commission's method of computing the tax was not improper. Upon a re-examination of the question raised by this and the former appeal we are more firmly convinced that the formula adopted by defendant is unobjectionable.

If the personal property tax is not deducted prior to allocating the net income between Oregon and out-of-state operations, as plaintiff proposes, the result is that plaintiff enjoys not only an offset of the personal property tax against the excise tax but also gets a deduction of the personal property tax from the net taxable income to the extent that the personal property tax is allocated as net income to other states. This would occur because an allocation of income between Oregon and out-of-state operations without subtracting the Oregon personal property tax results in including in the allocable income the amount represented by the tax. In other words, the amount of the

personal property tax is treated as if it were allocable net income.

■ Under the terms of ORS 314.280 the *net income* of a taxpayer carrying on a multi-state business must be allocated between the states in which the business is conducted. Plaintiff contends that it is contrary to the allocation statute for the commission to deduct the personal property tax in arriving at the net income subject to apportionment. The allocation statute authorizes the apportionment of net income but it does not specify the deductions to be made from gross income in arriving at the net income figure. However, unless the excise tax involves something which would require special accounting treatment, the Oregon personal property tax would be a proper deduction along with the other expenses of doing business in arriving at the net income subject to allocation.

■ The plaintiff next argues that the deduction of personal property taxes in arriving at net income for allocation purposes is contrary to the corporate excise tax statutes. ORS 317.070 (2) precludes the *taxpayer* from deducting the personal property tax in computing the net income upon which the excise tax will be computed only because that tax is allowed as a direct offset from the excise tax and to allow the deduction would give the taxpayer an additional benefit over and above the offset. This special purpose of precluding a deduction of the personal property tax in arriving at the taxable income upon which the excise tax is computed to avoid such additional benefit is evaded to the extent that the personal property tax is treated as net income and a part of it is allocated to out-of-state operations. Income taxable by Oregon is reduced to that extent and as a consequence the taxpayer gets, in effect, a deduction of such amount

from the income upon which the Oregon corporate excise tax is computed. This is contrary to express terms of the statute.

The fact that special circumstances such as the direct offset of the personal property tax against the excise tax require a later inclusion of the deducted item in the income taxable by Oregon has nothing to do with the initial computation of the net income for allocation purposes.

The difference in the respective positions of plaintiff and defendant may be illustrated by comparing the tax of a corporation doing business only in Oregon and a corporation with a multi-state operation.[1]

## INCOME DERIVED SOLELY FROM OREGON OPERATION

(Taxpayer and Commission compute tax the same)

"*Example 1.* Assume that a corporation operating exclusively in Oregon has a net income of $200,000 after deducting $20,000 personal property taxes. Its excise tax is computed by the Tax Commission in this manner:

| | |
|---|---|
| Net income after deducting personal property taxes | $200,000 |
| Restore personal property taxes | 20,000 |
| Net income for the purposes of the excise tax law | 220,000 |
| Tax (at 8%) | 17,600 |
| Offset (limited to 50% of the excise tax) | 8,800 |
| Net excise tax | 8,800" |

[1] Defendant State Tax Commission's brief in Hines Lumber Co. v. State Tax Comm., 215 Or 453, 336 P2d 75 (1959). It should be noted that the excise tax rate currently applicable is 6 per cent and the personal property tax offset allowable is now one-third of the excise tax.

## MULTI-STATE OPERATION:
## TAXPAYER'S METHOD OF COMPUTATION

"*Example 2.* Assume that a similar corporation carries on two operations, one in Oregon and one in another state; that one-half of its net income is allocable to Oregon; and that it computes its excise tax in this manner:

| | |
|---|---:|
| Net income after deducting all personal property taxes | $400,000 |
| Restore Oregon personal property taxes | 20,000 |
| Excise tax net income before allocation | 420,000 |
| 50% of excise tax net income allocated to Oregon | 210,000 |
| Tax (at 8%) | 16,800 |
| Offset (limited to 50% of the excise tax) | 8,400 |
| Net excise tax | 8,400 |

(The same result will be reached if the corporation deducts all except Oregon personal property taxes before allocation)."

## MULTI-STATE OPERATION:
## COMMISSION'S METHOD OF COMPUTATION

"*Example 3.* Assume the same facts as in the second example:

| | |
|---|---:|
| Net income after deducting all personal property taxes | $400,000 |
| 50% of net income allocated in Oregon | 200,000 |
| Restore Oregon personal property taxes | 20,000 |
| Oregon net excise tax income | 220,000 |

Tax (at 8%) ............................................. 17,600
Offset (limited to 50% of the excise
    tax) ................................................... 8,800

Net excise tax (as in the first ex-
    ample) ................................................ 8,800"

■ It is obvious from the foregoing illustration that the method of computation proposed by plaintiff would result in allowing a deduction of a part of the personal property tax contrary to the provisions of ORS 317.070 (2).

The judgment of the lower court is affirmed.